JAMES A. FLACK AND OTHERS, EXECUTORS, ETC., OF WILLIAM C. CONNER, LATE SHERIFF, ETC., APPELLANTS, v. THE STATE OF NEW YORK, RESPONDENT.

*Sheriff — not entitled to poundage when the judgment debtor dies, while in his custody.*

The death of a judgment debtor while in the custody of the sheriff, under an execution issued against his person, does not entitle the sheriff to recover poundage from the judgment creditor.

The right of a sheriff to poundage after the arrest of the judgment-debtor depends upon some act to be done by the defendant or his friends, such as the payment of the judgment, or some act of the plaintiff. such as his consent to the debtor's discharge, or upon the application of some legal principle by which his discharge is accomplished.

APPEAL from an order and decision of the State board of audit, filed May 16, 1882, disallowing the claim of the executors of the estate of William C. Connor, late sheriff of the city and county of New York, deceased, for poundage on an execution against the person of William M. Tweed.

*Delos McCurdy* and *H. W. Bookstaver*, for the appellants.

*Leslie W. Russell*, for the respondent.

PER CURIAM:

We think the principles enunciated in the case of *Ryle* v. *Falk* (reported in 24 Hun, 255), and which was affirmed in the Court of Appeals upon the opinion delivered in this court, are decisive of this appeal. It was declared in that case as the settled law of the State,

that upon the arrest of a person under an execution, judgment was satisfied so long as the defendant continued in custody under arrest, and the sheriff was entitled to his poundage whenever the defendant was discharged by the payment of the judgment, or under the act for the relief of debtors, or by the consent of the plaintiff, and it was also declared that under the Code the rules and provisions which govern executions against the body under the former statute, had not been changed, and further, that it was not the law of this State that the sheriff was entitled to no fees unless the judgment upon which process issued had actually been collected by him, and therefore the fees of the sheriff and his right to poundage had not been changed or affected by the provisions of the Code.

Assuming for the purposes of this appeal that the judgment debtor was held under the execution against his person, inasmuch as he was not discharged by the payment of the judgment, or under the act for the relief of debtors, or by the consent of the plaintiff, none of the events occurred which entitled the sheriff to his fees. The judgment debtor died whilst in custody and not by the act of the judgment creditor. The right of the sheriff to poundage after the judgment debtor is arrested, depends upon some act to be done either by the defendant or his friends, namely, the payment of the judgment, or by the plaintiff by his consenting to the discharge, or by the application of some legal principle by which his discharge is accomplished, and all of these are predicated of the continued existence of the debtor after the act has been performed by which his liberation has been accomplished.

The death of the judgment debtor prevented the occurrence of any one of the acts mentioned, and he was therefore not discharged. His death did not prevent the enforcement of the judgment against his estate, notwithstanding his imprisonment, and therefore the judgment was in no sense collected in whole or in part.

None of the cases cited by the appellants are in conflict with the views herein expressed. They have been carefully considered and this is our view of their effect, and therefore the order appealed from should be affirmed, but without costs.

Present — Davis, P. J., Brady and Daniels, JJ.

Order affirmed, without costs.